UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LYNN KLEIMAN,

                          Plaintiff,

                                                            **REPORT &**
                                                            **RECOMMENDATION**

                  -against-                                        18-CV-4172 (SJF)(GRB)


KINGS POINT CAPITAL MANAGEMENT,
LLC and JEFFREY BATES

                         Defendants.
------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       Pending before the undersigned on referral from the Honorable Sandra J. Feuerstein is a motion to dismiss filed by defendants Kings Point Capital Management, LLC and Jeffrey Bates pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Docket Entry No. ("DE") 23.  For the reasons that follow, the undersigned respectfully recommends that the motion be deemed withdrawn without prejudice to refiling.

       This diversity action was originally filed in the United States District Court for the Eastern District of Missouri.  *See generally* DE 1.  Defendants filed a motion to transfer venue to the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1404(a).  DE 21.  Defendants simultaneously filed a motion to dismiss.  DE 23.  On July 23, 2018, the court granted defendants' motion to transfer venue and the action was transferred to the Eastern District of New York.  DE 40.  Following a status conference held before District Judge Feuerstein, defendants refiled their motion to dismiss.  *See* DE 51 (minute order); DE 52.

Nevertheless, the parties have refiled their original motions from the Eastern District of Missouri, without the benefit of briefing the New York choice of law issue. *See* DE 52. In their memoranda, originally filed with the Eastern District of Missouri, the parties set forth and briefed Missouri choice of law rules in order to determine the applicable state law. At the same time, the parties agreed that the situs of the district court determines the applicable choice of law rules. *See* DE 28 at 7 ("a district court sitting in Missouri must follow this State's choice of law rules to determine the applicable state law"); DE 32 at 2 ("the federal court applies the choice of law rules of the state in which they sit").

As defendants acknowledge in their Reply in Support of their Motion to Dismiss "[s]hould this case be transferred to a U.S. District Court in the State of New York before the Court decides Defendant's Motion to Dismiss, New York Choice of law rules will apply." DE 32 at 2, n.2; *see Alt. Marine Const. Co. v. United States Dist. Court of the W. Dist. of Texas*, 571 U.S 39, 64–65 (2013) ("a § 1401(a) transfer of venue will not carry with it the original venue's choice-of-law rules. . . . A federal court sitting in diversity ordinarily must follow the choice-of law rules of the State in which it sits"). Despite the change in venue, defendants' re-submitted the same memorandum of law in support of their motion to dismiss which discusses only Missouri choice of law rules. *See* DE 24; DE 32. Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss similarly references only Missouri choice of law rules. DE 28. This issue is not academic, as Missouri and New York use different choice of law rules which could considerably impact the outcome of the motion. *Compare Stricker v. Union Planters Bank, N.A.*, 436 F.3d 875, 878 (8th Cir. 2006) ("in tort actions, Missouri courts apply the 'most significant relationship' test"), *with AroChem Int'l, Inc. v. Buirkle*, 968 F.2d 266, 270 (2d Cir. 1992) ("[i]n tort claims, New York courts apply 'interest analysis' to determine which law to

2

apply"). Moreover, the parties argue different substantive law applies—plaintiff argues Missouri law, while defendants argue New York law—to different ends.

Local Rule 7.1 of the United States District Courts for the Southern and Eastern Districts of New York governs the filing of motion papers in this District. Local Rule 7.1 requires that a movant submit "a memorandum of law, setting forth the cases and other authorities relied upon in support of the motion."

Thus, in order to allow the parties to properly address the New York choice of law rules, which control, as this Court sits in New York, and the proper substantive law, the undersigned respectfully recommends that the motion to dismiss be deemed withdrawn, without prejudice to renewal upon the filing of a motion which sets forth the "applicable rules or statutes pursuant to which the motion is brought." Loc. R. Civ. P. 7.1(a).

A copy of this Report and Recommendation is being provided to all counsel via ECF. Any written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2012); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Meija v. Roma Cleaning, Inc.,* 751 F. App'x 134, 136 (2d Cir. 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require

district court review of a magistrate's factual or legal conclusions, under a *de novo* review or any other standard, when neither party objects to those findings"). This is particularly true, where, as here, a party has been "warned of the consequences of not objecting to the Magistrate's findings." *Meija*, 751 F. App'x at 136.

Dated: Central Islip, New York
       July 11, 2019

                                                  /s/ Gary R. Brown
                                                  GARY R. BROWN
                                                  United States Magistrate Judge