```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
LYNN KLEIMAN,

                        Plaintiff,
                                                          ORDER
                                                     18-CV-4172 (SJF)(AKT)
        - against-

KINGS POINT CAPITAL MANAGEMENT LLC and
JEFFREY BATES,

                        Defendants.
----------------------------------------------------------------------X
FEUERSTEIN, District Judge:
```

FILED
CLERK
11:46 am, Nov 30, 2020
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

Plaintiff Lynn Kleiman. ("Kleiman" or "Plaintiff") commenced this diversity action against Defendants Kings Point Capital and Jeffrey Bates (collectively "Defendants") asserting claims for negligence and breach of fiduciary duty. Defendants have moved to dismiss the first amended complaint. *See* Motion, Docket Entry ("DE") [58]. Pending before the Court are objections to the Report and Recommendation of the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, dated September 30, 2020 (the "Report"), *see* DE [64], recommending that the motion to dismiss be granted. For the reasons set forth below, Magistrate Judge Tomlinson's Report is adopted.

## I.  STANDARD OF REVIEW

Any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen (14) days after being served with a copy thereof. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). The Court is not required, however, to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474

U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2 435 (1985).  In addition, general objections or "objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review."  *Owusu v. New York State Ins.,* 655 F. Supp. 2d 308, 312-13 (S.D.N.Y. 2009) (internal quotation marks, alteration, and citation omitted); *see also Thomas v. City of New York,* Nos. 14-CV-7513, 16-CV-4224, 2019 WL 3491486, at *4 (E.D.N.Y. July 31, 2019) ("[o]bjections seeking to relitigate arguments rejected by the magistrate judge do not constitute proper objections, and, as a result, are subject to clear error review.").  Any portion of a report and recommendation to which no specific timely objection is made, or to which only general, conclusory or perfunctory objections are made, is reviewed only for clear error. *Owusu*, 655 F. Supp. 2d at 312-13.

## II. OBJECTIONS

Plaintiff objects to the Report, *see* Plaintiff's Objections to Report ("Pl. Obj."), DE [66], arguing, *inter alia,* that Magistrate Judge Tomlinson erred in (1) applying a three-year statute of limitations by favoring a ruling from the New York Court of Appeals without analyzing more recent rulings from federal district courts finding a six-year statute of limitations applicable, *id.* at 2, 3-4; and (2) failing to analyze the statute of limitations issue in terms of the open repudiation rule.  *Id.* at 4.  Plaintiff also argues that as cases cited in the Report "make clear" that the claim accrued no earlier than August 2014, Plaintiff should be allowed to amend her complaint to add factual allegations.  *Id.* at 4-5.  Defendants have responded to all of Plaintiff's objections. *See* Defendant's Response to Plaintiff's Objections, DE [67].

2

Relying upon a decision from the New York Court of Appeals, the Report found that the determination of the appropriate statute of limitations under New York law for a breach of fiduciary duty claim "'depends on the substantive remedy that the plaintiff seeks,'" Report at 21 (quoting *IDT Corp. v. Morgan Stanley Dean Witter & Co.,* 12 N.Y.3d 132, 139, 907 N.E.2d 268, 879 N.Y.S.2d 355 (2009)), and concluded that since Plaintiff seeks only monetary damages, the three-year statute of limitations applies here. Plaintiff contends that the Magistrate Judge made an "analytical error" by "casually dismissing" two Eastern District cases, and instead favoring the *IDT Corp.* decision. This objection is overruled. The Report properly relied upon the New York Court of Appeals decision in *IDT Corp.*, cited ample case law in federal district courts applying that case, and effectively distinguished the handful of cases that held to the contrary by noting that those cases failed to address the *IDT Corp.* decision. The Court has reviewed the lone case identified by Plaintiff that was, she contends, omitted from the Report's analysis, *see Barnett v. Countrywide Bank, FSB,* 60 F. Supp. 3d 379 (E.D.N.Y. 2009), and finds that, like the cases already distinguished in the Report, the *Barnett* case appears to have overlooked the *IDT Corp.* decision. In addition, the case provides no analysis of the statute of limitations issue that would compel a reexamination of clear New York law.

Similarly, the Report properly found that the open repudiation doctrine, which in some cases acts to toll the statute of limitations for a breach of fiduciary duty claim, is inapplicable to this case. The rule is intended to "protect beneficiaries in the event of breaches of duty by fiduciaries . . . in circumstances in which the beneficiaries would otherwise have no reason to know that the fiduciary was no longer acting in that capacity." *Access Point Med., LLC v.*

3

*Mandell,* 106 A.D.2d 40, 45, 963 N.Y.S.2d 44, 46 (1st Dep't 2013).  However, the "open repudiation doctrine only applies to a plaintiff seeking equitable relief, not one seeking monetary damages."  *Spinnato v. Unity of Omaha Life Ins. Co.,* 322 F. Supp. 3d 377, 398 (E.D.N.Y. 2018).  The Report found this to be the majority position, *see* Report at 24-25 (citing cases), while acknowledging that there is at least one case that reached the opposite conclusion. *Id.* at 24; *People ex rel Spitzer ex rel. Ultimate Charitable Beneficiaries v. Ben*, 55 A.D.3d 1306, 866 N.Y.S.2d 465, 466 (4th Dep't 2008) (expressly rejecting Defendant's "contention that the tolling rule in question applies only to equitable claims").  As Plaintiff seeks only money damages, the Report properly concluded that the open repudiation doctrine is unavailable to toll the statute of limitations.

### III.  LEAVE TO AMEND

For the first time in her objections, Plaintiff seeks leave to amend the First Amended Complaint to include the "factual allegation" that her cause of action did not accrue until August 2014.  Pl. Obj. at 4.  In opposition to the motion, Kleinman submitted an affidavit which was used in part to urge application of the open repudiation doctrine.  *See* Affidavit of Lynn Kleiman ("Kleinman Aff."), DE [61-1].  She states, *inter alia,* that she "learned in August 2014" that nonparty Pershing Advisor Solutions, LLC ("Pershing"), custodian of IRA Custodial Accounts held by Plaintiff's parents, Ralph and Ora Levine, did not consider the assets in Ralph Levine's accounts to be transferred to Ora Levine's accounts at the time of her death. Pershing determined that under the terms of the IRA Agreements, the assets would be distributed *per stirpes* to Kleinman and her two brothers rather than substantially to her alone.  *Id.* ¶9.  While Defendants

4

argue that any claim accrued at Ora Levine's death on November 8, 2013, Plaintiff argues that her claim did not accrue until this unspecified date in August 2014 and thus, applying a three-year statute of limitations, this action, filed on July 10, 2017, is timely.

Leave to amend a complaint "should be freely given when justice so requires," FED. R. CIV. P. 15(a)(2), but should be denied "if there is delay, bad faith, futility, or prejudice to the non-moving party." *Hosking v. New World Mortg., Inc.,* 602 F. Supp. 2d 441, 445 (E.D.N.Y. 2009). Whether to grant or deny leave to amend ultimately lies in the sound discretion of the court. *See McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 200 (2d Cir. 2007). Plaintiff's request for leave to file a second amended complaint is denied.

Plaintiff's *pro forma* request seeks to add factual allegations regarding her discovery of the alleged wrong. The facts put forth by Plaintiff are that on some unspecified date in August 2014, she learned, in some unspecified manner, that Pershing did not consider the assets in those accounts to be transferred to Ora Levine at the time of her death. As the Report noted, however, the facts set forth in Plaintiff's affidavit do not affect the determination that the open repudiation doctrine does not apply to this case seeking only monetary damages. *See* Report at 24. Adding factual allegations does not affect the nature of Plaintiff's claims, and she has not identified any legal theory that would cure the statute of limitations problem. *See, e.g., City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG,* 752 F.3d 173, 188 (2d Cir. 2014) (denial of leave to amend appropriate where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend"); *In re Goldman Sachs Mortgage Serv'g S'holder Derivative Litig.,* 11-civ-4544, 2012 WL 3293506, at

5

*11 (S.D.N.Y. 2012) (denying leave to amend where plaintiffs failed to articulate how an amendment would cure pleading defects).   Accordingly, further amendment of the complaint to add factual allegations would be futile.

Moreover, Plaintiff has failed to submit a proposed amended complaint including any proposed factual enhancements, which failure provides an additional basis to deny leave to amend.   *See Schwasnick v. Fields,* No. 08-civ-4759, 2010 WL 2679935, at *11 (E.D.N.Y. June 30, 2010) (the court may "deny leave to amend where the Plaintiff[] fails to submit a proposed pleading and does not explain why"); *LaBarbera v. Ferran Enters., Inc.* No. 05-civ-2678, 2009 WL 367611, at *3 (E.D.N.Y. Feb. 10, 2009) ("Denial of the motion to amend is also warranted by Plaintiffs' unexplained failure to submit a proposed pleading").

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's objections are overruled and the Report is adopted in its entirety.   Defendants' motion to dismiss, DE [58], is granted; the Clerk of the Court is directed to close the case.

**SO ORDERED**.

                                                          /s/ *Sandra J. Feuerstein*

                                                          Sandra J. Feuerstein
                                                          United States District Judge

Dated: Central Islip, New York
       November 30, 2020